

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 7, 2023**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| WILLIAM GLENN JOHNS, | § | Case No.: 21-60010-rlj7 |
| | § | |
| Debtor. | § | |
| | § | |
| DAVID RUTAN and MICHELLE RUTAN, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adversary No. 22-06000 |
| | § | |
| WILLIAM GLENN JOHNS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION**

The plaintiffs, David and Michelle Rutan (the Rutans), filed their complaint objecting under 11 U.S.C. § 727(a)(2), (3), (4), and (5) to the debtor (and defendant here), William Glenn Johns (Johns), receiving a discharge in his bankruptcy case. ECF No. 1.[1] Johns, on April 4, 2022, filed his motion to dismiss the complaint for failure to state a claim upon which relief can

---
[1] "ECF No." refers to the numbered docket entry in Adversary No. 22-06000, unless otherwise stated.

1

be granted.  ECF No. 7.  The Rutans amended their complaint on October 31, 2022.  ECF No. 23.  The agreed scheduling order entered December 20, 2022 permits the filing of an amended complaint through February 28, 2023.  ECF No. 30 ¶ 2.

The Court addresses Johns's motion requesting dismissal of the complaint.

The Court has jurisdiction of this case and this proceeding under 28 U.S.C. §§ 1334(b), 157(a), and the Northern District of Texas's Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc, Misc. Order 33.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

# I.

In his motion to dismiss, Johns argues: (1) the Rutans cannot allege fraud upon "information and belief," (2) trustees do not own the assets of trusts, and (3) the Court should not reward the Rutans for their lack of diligence.  Mot. to Dismiss, ECF No. 7.

Johns moves to dismiss the adversary proceeding on the grounds that the Rutans fail to state a claim under Rule 12(b)(6).[2]  *Id*.  A pleading survives a motion to dismiss when it contains "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).[3]  "[The complaint] must contain sufficient factual material that, accepted as true, 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common

---

[2] "Rule" refers to the Federal Rules of Civil Procedure.  Rule 12(b)(6) applies to adversary proceedings through Federal Rule of Bankruptcy Procedure 7012.
[3] Rule 8 applies in adversary proceedings through Federal Rule of Bankruptcy Procedure 7008.

2

sense." *Iqbal*, 556 U.S. at 679. "In reviewing the complaint, [courts] 'draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party.'" *McLin v. Ard*, 866 F.3d 682, 688 (5th Cir. 2017) (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)). The Court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

When fraud is alleged, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).[4] "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (quoting *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)). "[P]leading scienter requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994).

In this case, only two claims include a fraudulent element—the § 727(a)(2) and (4) claims.[5] *See Guerriero v. Kilroy (In re Kilroy)*, 354 B.R. 476, 489 (Bankr. S.D. Tex. 2006) ("Because a fraudulent intent is required, § 727(a)(2) is subject to Rule 9(b)."); *see also Sholdra v. Chilmark Fin. L.L.P. (In re Sholdra)*, 249 F.3d 380, 382 (5th Cir. 2001) (Fraudulent intent is an element of a § 727(a)(4) claim.). The other claims, brought under § 727(a)(3) and (5), do not allege the debtor engaged in, or was mentally culpable of, committing a fraudulent act. *See Tow v. Henley (In re Henley),* 480 B.R. 708, 784–86 (Bankr. S.D. Tex. 2012); *Hill v. Yong Seop Yoon*

---

[4] Rule 9(b) applies in adversary proceedings through Federal Rule of Bankruptcy Procedure 7009.
[5] "Section" or "§" refers to 11 U.S.C., the Bankruptcy Code, unless otherwise stated.

*(In re Yong Seop Yoon)*, No. 10-30558, 2011 WL 1258179, at *2 (Bankr. S.D. Tex. April 1, 2011) ("Actions under § 727(a)(3) are governed by the pleading requirements in Rule 8(a)(2)[.]"); *Prod. Credit Ass'n v. Tres Rios Cattle Co., LLC (In re Gomez-Torres)*, No. 21-50051, 2022 WL 2355420, at *8 (Bankr. N.D. Tex. June 28, 2022) ("Because § 727(a)(5) makes no mention of fraud, it is subject to the lower pleading standard of Rule 8."). Here, Rule 9(b)'s heightened pleading standard applies to the two claims asserting fraud or fraudulent intent; those two claims arise from § 727(a)(2) and (4).

Johns contends that the Rutans' claims asserting fraud fail because they need more support than "information and belief." Mot. to Dismiss, ECF No. 7 at 4–5. "While fraud may be pled on information and belief when the facts relating to the alleged fraud are peculiarly within the perpetrator's knowledge, the plaintiff must still set forth the factual basis for his belief." *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 454 (5th Cir. 2005); *Celebration Baptist Church v. Brotherhood Mut. Ins. Co.*, No. 4:19-cv-01012, 2021 WL 1624270, at *2 (N.D. Tex. March 9, 2021).

### A. Section 727(a)(2)(A) and (B)

The amended complaint alleges Johns should be denied a discharge under § 727(a)(2)(A) or (B) because "[Johns] has, with the intent to hinder, delay or defraud creditors, concealed assets." Am. Compl., ECF No. 23 at 39.

### Section 727(a)(2)(A)

"To establish that discharge should be denied under § 727(a)(2)(A), a creditor must show four elements: '(1) a transfer [or concealment] of property; (2) belonging to the debtor; (3) within one year of the filing of the petition; [and] (4) with intent to hinder, delay, or defraud a creditor or officer of the estate.'" *Cadle Co. v. Pratt (In re Pratt)*, 411 F.3d 561, 565 (5th Cir.

4

2005) (alterations in original) (per curiam) (quoting *Pavy v. Chastant (In re Chastant)*, 873 F.2d 89, 90 (5th Cir. 1989)).  Because fraudulent intent is an element of § 727(a)(2), Rule 9(b)'s heightened pleading standard must be satisfied.

The Rutans' allegations assert Johns acted with the intent to hinder, delay, or defraud his creditors when he concealed his assets.  To meet the heightened pleading standards of Rule 9(b), the Rutans allege facts that support an inference that Johns acted with the requisite actual intent.  The Rutans have properly pleaded a § 727(a)(2)(A) claim by alleging that Johns concealed property by failing to list various properties and denying holding property for others,[6] and that this concealment happened in the requisite timeframe with the requisite intent.

Johns's requested dismissal of the Rutans' § 727(a)(2)(A) claim is denied.

### Section 727(a)(2)(B)

To plead a § 727(a)(2)(B) claim, the Rutans must allege the "same elements [as subsection (a)(2)(A)] against the Debtors, except that the property must be property of the estate and the transfer or concealment must occur post-petition."  *CHP, LLC v. Schwyhart (In re Schwyhart),* 618 B.R. 793, 809 (Bankr. N.D. Tex. 2020).  As discussed above, the Rutans sufficiently pleaded the elements directed toward concealment and fraud.  For § 727(a)(2)(B), the matter then becomes whether property of the estate was concealed and whether the concealment occurred after Johns filed his petition.

The Rutans properly pleaded a claim under § 727(a)(2)(B).  They allege that Johns concealed property of the estate after the petition, with the intent to hinder, delay, or defraud. Johns's requested dismissal of the § 727(a)(2)(B) claim is denied.

---

[6] In his Statement of Financial Affairs, Johns lists two assets he controls for others; however, the Rutans allege Johns holds many other properties for others, and those properties are not listed.

5

## B. Section 727(a)(3)

Under § 727(a)(3), a debtor may not be entitled to a discharge if he conceals, destroys, mutilates, falsifies, or fails to keep or preserve any recorded information from which the debtor's financial condition or business transactions might be ascertained, unless the circumstances justified the act or failure to act. The § 727(a)(3) claim need not meet the heightened Rule 9(b) pleading requirements; instead, it must satisfy Rule 8.

The Court "may refuse a discharge if (1) the debtor fails to keep or preserve financial records, and (2) the failure makes it impossible for the creditor to discern the debtor's financial condition." *Buescher v. First United Bank & Tr. (In re Buescher)*, 783 F.3d 302, 307 (5th Cir. 2015). "A debtor's financial records need not contain 'full detail,' but 'there should be written evidence' of the debtor's financial condition." *Robertson v. Dennis (In re Dennis)*, 330 F.3d 696, 703 (5th Cir. 2003) (quoting *Goff v. Russell Co. (In re Goff)*, 495 F.2d 199, 201 (5th Cir. 1974)). Under the Bankruptcy Code, debtors have the affirmative duty to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate[.]" § 521(a)(4); *In re Buescher*, 783 F.3d at 308.

In the amended complaint, the Rutans allege that Johns has not provided any documentation for the properties for which he is alleged to be the trustee, and because he has not produced documentation, he has failed to keep or preserve any recorded information from which his financial condition could be ascertained. Am. Compl., ECF No. 23 at 3–10. The only fact alleged is that Johns has not produced documents. Failing to produce documents related to multiple properties that Johns purportedly holds as trustee or outright owns leaves the Rutans with no way of discerning the debtor's complete financial condition.

Although failing to produce documents does not mean that Johns failed to preserve such information, failing to produce the documents as alleged can lead the Court to infer that Johns has concealed information.

Concealing recorded information is grounds to deny a discharge under § 727(a)(3) when that information is needed to discern the debtor's financial condition. The Rutans contend Johns concealed information and, without that information, the Rutans cannot discern Johns's financial condition. The claim satisfies the low pleading standard set by Rule 8 for overcoming a motion to dismiss.

### C. Section 727(a)(4)

The Rutans allege that Johns is not entitled to a discharge because he knowingly and fraudulently made a false oath when he signed his Declaration About an Individual Debtor's Schedules. This claim must meet the heightened standard of Rule 9(b) because the claim alleges Johns acted fraudulently. The Rutans do not specify which subsection of § 727(a)(4) their claim arises from, but the facts alleged implicate § 727(a)(4)(A).[7]

As a general matter, the Fifth Circuit "has not adopted any firm rules regarding the amount of disclosure required beyond the guiding principle that 'the integrity of the bankruptcy system depends on full and honest disclosure' by debtors and that 'it is very important that a debtor's bankruptcy schedules and statement of affairs be as accurate as possible.'" *Asarco,*

---

[7] The language in the Rutans' Amended Complaint—"Defendant knowingly and fraudulently made a false oath or account"—suggests their claim arises solely out of § 727(a)(4)(A). ECF No. 23 at 43. In its entirety, § 727(a)(4) states:
  (a) The court shall grant the debtor a discharge, unless—
    (4) the debtor knowingly and fraudulently, in or in connection with the case—
      (A) made a false oath or account;
      (B) presented or used a false claim;
      (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
      (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

*L.L.C. v. Montana Res., Inc.*, 858 F.3d 949, 958 (5th Cir. 2017) (quoting *Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 208 (5th Cir. 1999)).

To plead a claim under § 727(a)(4)(A), the plaintiff must allege "that (1) the debtor made a false statement under oath; (2) the statement was false; (3) the debtor knew the statement was false; (4) the debtor made the statement with fraudulent intent; and (5) the statement was material to the bankruptcy case." *In re Sholdra,* 249 F.3d at 382.  Claims arising from § 727(a)(4)(A) must satisfy Rule 9(b) because fraudulent intent is an essential element of the claim.  In the context of § 727(a)(4), the Fifth Circuit stated:

> False statements in the debtor's schedules or false statements by the debtor during the proceedings are sufficient to justify denial of discharge. Further, the materiality of an omission is not solely based on the value of the item omitted or whether it was detrimental to creditors. Rather, the statement need only "bear[] a relationship to the bankrupt's business transactions or estate, or concern[] the discovery of assets, business dealings, or the existence and disposition of his property."

*Cadle Co. v. Duncan (In re Duncan)*, 562 F.3d 688, 695 (5th Cir. 2009) (alterations in original) (citations omitted).

Johns's financial condition and history is murky.  And the schedules, combined with the attached exhibits, supply sufficient support at this stage for the Rutans' § 727(a)(4)(A) claim. The Rutans' alleged facts support their claim that Johns fraudulently made a false oath.

The Rutans have sufficiently pleaded a §727(a)(4)(A) claim.

### D.  Section 727(a)(5)

Under § 727(a)(5) a court may deny discharge if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]"  Pleading a claim under § 727(a)(5) need only meet Rule 8's requirements because the claim does not allege fraud.

8

The language of § 727(a)(5)—"loss of assets or deficiency of assets to meet the debtor's liabilities"—is "broad enough to include any unexplained disappearance or shortage of assets." 6 COLLIER ON BANKRUPTCY ¶ 727.08 (16th 2022).  But courts have not denied a discharge solely on the grounds of deficient assets with an unsatisfactory explanation; instead, "the plaintiff must still identify *particular assets* which have been lost." *Id*. (emphasis added).

Proving a loss of assets creates three elements for a § 727(a)(5) claim: "(1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010).

The Rutans do not explicitly allege the first element—that the debtor owned identifiable assets.  Rather, the Rutans latch onto the "deficiency of assets" prong of § 727(a)(5) and argue that Johns has not explained why assets, including the properties that Johns may hold as trustee or owner, are not part of the estate to pay creditors.  Am. Compl., ECF No. 23 at 47.  Looking past the first element to the second, the Rutans do not allege that Johns no longer owns those assets; to the contrary, the Rutans actually allege Johns is the true owner of many undisclosed properties.

Looking to the commonly endorsed test that requires a loss of the debtor's assets, the Rutans do not state a claim under § 727(a)(5).

## II.

Johns argues the Court should not reward plaintiffs' "lack of diligence" by allowing them to base their pleading on "information and belief" after the underlying bankruptcy has been ongoing for over a year.[8]

Without addressing who has or has not been diligent, information and belief is sufficient to allege fraud when supported with a sufficient factual basis. *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 454 (5th Cir. 2005). Here, the Rutans alleged sufficient facts to support the allegations of fraud at this stage of the proceeding.

## CONCLUSION

The Rutans adequately stated a claim under § 727(a)(2), (3), and (4); the Court denies Johns's motion to dismiss those claims. The Court dismisses the Rutans' § 727(a)(5) claim because they failed to state a claim upon which relief can be granted.

### End of Memorandum Opinion ###

---

[8] Johns filed his chapter 7 case on February 3, 2021, and the Rutans filed the original complaint on February 27, 2022. Case No. 21-60010. The Rutans filed the amended complaint on October 31, 2022. Am. Compl., ECF No. 23.